**Mark J. Werksman, Esq. (State Bar No. 120767)**
**WERKSMAN JACKSON & QUINN, LLP**
**888 West Sixth Street, Fourth Floor**
**Los Angeles, California  90017**
**Telephone: (213) 688-0460**
**Facsimile: (213) 624-1942**

**Attorneys for Defendant**
Gerardo Ortiz

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 24-CR-226-MEMF |
| Plaintiff, | **SUPPLEMENTAL BRIEFING REGARDING FINE AMOUNT** |
| vs. | |
| GERARDO ORTIZ, | |
| Defendant. | |

  Defendant Gerardo Ortiz hereby submits the supplemental briefing requested by the Court, respectfully asking the Court to adopt the parties' joint recommendation for a $250,000 fine.

  The code section at issue in this case does not carry a specific fine amount. Therefore, the applicable fine is governed by 18 U.S.C. § 3571, which sets the general statutory maximum fine for a felony of $250,000. See also, United States Sentencing Guidelines ("U.S.S.G.") § 5E1.2, comment. (n.2): "In general, the maximum fine permitted by law as to each count of conviction is $250,000 for a felony." In the Presentence Report, Probation also cited $250,000 as the maximum fine in this case. Presentence Report, ECF Doc. No. 18, ¶ 100. Probation recommended only a $95,000 fine, which was the high end of the fine guideline range as calculated by Probation. U.S.S.G. §5E1.2(c)(3). Applying the ten-level

downward departure recommended by the Government, the maximum fine under the Guidelines is now $9,500. Ibid.

In the Government's sentencing memorandum, they originally asked for a fine higher than the statutory maximum. Government's Sentencing Position, p. 8. The parties met and conferred regarding the fine, and the Defense raised two main points, which are briefed here: (1) imposition of a fine higher than $250,000 in this case is a violation of *Apprendi* and (2) the factors under 18 U.S.C. § 3553(a) do not merit an increase beyond the statutory maximum. The Government changed their position, recommending instead a $250,000 fine, a recommendation the Defense joined, even though that is more than the fine recommended by Probation and the Guidelines.

Apart from the generally applicable maximum fine, 18 U.S.C. § 3571(d) provides for an "alternative maximum" of twice the gross gain or gross loss attributable to the offense, whichever is greater. See also U.S.S.G. § 5E1.2, comment. (n.2). Any fact that is relied upon to impose a penalty greater than the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt (or admitted in cases resolved by plea agreement). *Apprendi v. New Jersey* 530 U.S. 466, 490 (2000). "The statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303 (2004). The *Apprendi* rule also applies to criminal fines. *Southern Union Co. v. United States*, 567 U.S. 343 (2012). Since there was no trial against Mr. Ortiz, in order to impose a fine higher than $250,000, the Court can only rely on facts admitted in the factual basis of the plea agreement.

To impose the fine described under 18 U.S.C. § 3571(d), the amount of Mr. Ortiz's gain must have been established to the *Apprendi* standard. It was not. The factual basis states, "The total amount paid for concerts in which defendant, Perez, and Del Villar/Del Entertainment had a financial interest . . . was in excess of

$1,500,000 U.S. dollars." Plea Agreement, p. 10. There is no indication how much of that was profit, i.e. gain after the cost of putting on the concerts is accounted for, nor is there an indication of what share of that went to Mr. Ortiz. The Government's original sentencing recommendation relied on "evidence at trial [against Del Villar]" that approximately 80 percent of that amount went to Mr. Ortiz. But evidence merely being presented does not satisfy the *Apprendi* requirement that the fact be proven beyond a reasonable doubt (or admitted). Thus, the facts before the Court are insufficient to impose the higher fine under § 3571(d), and a fine greater than $250,000 would be an illegal sentence.

Furthermore, the statutory maximum fine is a just outcome in this case. The Court has ample information regarding Mr. Ortiz's cooperation (resulting in a recommended *ten-level* downward departure) and the 3553(a) sentencing factors, and we will not repeat that information here. Mr. Ortiz has paid both reputationally and financially, not only for his offense but also for his cooperation. He has suffered reduced album and ticket sales and has had to cancel concerts based on security concerns following his decision to cooperate publicly. Unlike restitution, a fine is purely penal, and Mr. Ortiz has been amply penalized. He has agreed to pay the maximum fine, more than 2.5 times the fine recommended by Probation, and a tremendous increase on the fine called for by his current Guidelines. Bearing in mind that penalties must always be "no greater than necessary," there is no ground on which it is necessary for Mr. Ortiz to be penalized more than the statutory maximum.

Mr. Ortiz has done everything he can to accept responsibility, facilitated the efficient administration of justice, helped the government secure a conviction in Del Villar's case, and has agreed to pay the statutory maximum fine. The Government recommends a $250,000 fine. Probation recommends far less than that. And the law does not permit more than that. In light of these circumstances,

the joint sentencing recommendation is a fair and just outcome, and Mr. Oritz asks the Court to accept the recommended fine.

Dated: November 25, 2025                    Respectfully submitted,

_____
Mark J. Werksman
Attorney for Gerardo Ortiz Medina